IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR PODGORNY, | No. C 03-2900 MEJ |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES & COSTS** |
| vs. | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

## I.   INTRODUCTION & BACKGROUND

Before the Court is plaintiff Victor Podgorny's ("Plaintiff") Motion for Attorney's Fees, filed January 5, 2007. (Doc. #39.) On June 23, 2003, Plaintiff brought an action for social security disability benefits, contending that the Administrative Law Judge incorrectly denied his social security benefits. On January 6, 2004, this Court remanded the case for reconsideration by the Social Security Administration. Plaintiff now seeks $11,325.41 in attorney's fees and $724.99 in costs under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d). Upon review of the parties' papers, legal authority, and good cause appearing, the Court GRANTS Plaintiff an award of $10,745.41 in attorney fees and $705.54 in costs.

## II.   DISCUSSION

**A.   Legal Standard**

Under the EAJA, the Court shall award reasonable attorney fees and costs to the prevailing party unless it finds that the position of the United States was substantially justified. 28 U.S.C. §

2412(d). In *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), the United States Supreme Court defined "substantially justified" as "justified in substance or in the main - that is, justified to a degree that could satisfy a reasonable person." This definition is "no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." *Id.*

As Plaintiff received a remand, he is considered a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) ("a sentence four remand . . . terminates the litigation with victory to the plaintiff"). Further, defendant Jo Anne B. Barnhart ("Defendant") does not argue that Plaintiff is not entitled to fees and costs; rather, Defendant argues that this Court should award Plaintiff a substantially reduced amount of EAJA fees. Thus, the only question for the Court is whether the amount claimed is reasonable.

While there is no precise rule, the most useful starting point for determining a reasonable fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 487 U.S. 424, 433 (1983).[1] If the Court finds that the amount claimed is excessive, even where the claims were interrelated, nonfrivolous, and raised in good faith, it may cut specific hours, or reduce the award overall. *Id.* at 436-37. The burden is on Plaintiff to offer adequate evidence of his efforts, and if his offering is inadequate, "the district court may reduce the award accordingly." *Id.* at 433, 436.

The EAJA limits attorney fees to $125 per hour "unless the court determines that an increase in the cost of living or other special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)A)(ii). Plaintiff's request includes cost of living increases for attorney time as follows: 2003-04 = $153.32/hr.; 2005 = $156.75/hr.; 2006-07 = $163.34/hr. Defendant does not object to these hourly rates.

**B.  Application to the Case at Bar**

Plaintiff seeks $11,321.41 in attorney's fees and $724.99 in costs, as detailed in the Second

---

[1] While not a social security matter, the Supreme Court noted that the standard in *Hensley* is "generally applicable in all cases in which Congress has authorized an award of fees to a prevailing party." *Id.* at 433 n.7.

2

Revised Declaration of Ian M. Sammis, filed February 20, 2007. (Doc. #45.) Upon review of Plaintiff's request, the Court finds his fee request reasonable. Although it is Plaintiff's burden to offer adequate evidence of his efforts, Defendant does not point to any specific evidence in Mr. Sammis' declaration that is unreasonable. Instead, Defendant generally argues that Plaintiff's request is grossly excessive and inefficient. Defendant states that competent counsel should have been able to handle this case in a total of 10.5 hours of attorney time and 54 hours of law clerk time, yet she fails to provide any specific instance of unreasonable time. Given the procedural history of this case, including a remand from the Ninth Circuit Court of Appeals, the requested amount is reasonable.

However, the Court does take issue with the requested fees for Andrew Ragnes, the law clerk of Plaintiff's counsel. In his declaration, Mr. Sammis requests fees at a rate for Mr. Ragnes of $100.00 per hour for legal research, pleadings, and drafting; and $40.00 per hour for clerical tasks. Despite making this distinction, Mr. Sammis' declaration lists all Mr. Ragnes' work at the $100.00 rate. This is incorrect. Upon review of the evidence in Mr. Sammis' declaration, it is clear that at least a portion of Mr. Ragnes' time was spent on clerical tasks. As Plaintiff does not provide a breakdown of this work by hour, the Court finds that the following time should have been billed at the clerical rate[2]:

| DATE | WORK DONE | HOURS |
|---|---|---|
| 7/1/03 | served all appropriate parties, e-filed proof of service, provided chambers copy to court | .2 |
| 9/23/03 | tab transcript of the administrative record | .5 |
| 10/20/03 | e-file and mail chambers copy to court and to client | .2 |
| 11/4/03 | e-file consent to proceed with a magistrate judge | .2 |
| 12/2/03 | e-file and provide chambers copy to court | .2 |
| 1/20/04 | e-file with court and mail chambers copy | .2 |
| 8/23/04 | certified mail to Appeals Council | .2 |
| 10/28/04 | call Appeals Council for status of appeal; e-file with court and mail chambers copy | .3 |
| 11/23/04 | e-file with court and mail chambers copy; mail copy to client | .2 |
| 3/16/05 | personally file papers to meet statutory time by driving to court | .4 |

---

[2] In making these findings, the Court shall only re-itemize that portion of each date's hours spent on clerical tasks. However, as Plaintiff provided no such itemization, the Court shall make reasonable determinations based upon the description provided for each date.

3

| | | |
|---|---|---|
| 4/29/05 | call Ninth Circuit for permission; fax and mail to opposing counsel | .2 |
| 5/12/05 | take to Copy Express to have nine copies made and bound | .3 |
| 5/16/05 | take to Copy Express to have 19 copies made; pick up from Copy Express; deliver to Ninth Circuit clerk's office and serve on opposing counsel | .5 |
| 6/28/05 | Copy Express for copying; pick up from Copy Express; deliver to Ninth Circuit clerk's office & serve on opposing counsel | .5 |
| 11/25/06 | Do accounting of hours for Mr. Sammis and self; revise the declaration to include time of Ninth Circuit pleading preparation and costs | 5.5 |

**Total Clerical Time: 9.6**

Plaintiff claims $8,540.00 (85.4 hours at $100.00 per hour) for Mr. Ragnes' work on the case. As 9.6 hours were actually spent on clerical work, the correct amount is $384.00 for clerical work (9.6 hours at $40.00 per hour) and $7,580.00 (75.8 hours at $100.00 per hour), for a total of $7,964.00. Accordingly, the Court shall award fees in the amount of $10,745.41 ($2,781.41 for Mr. Sammis' work and $7,964.00 for Mr. Ragnes' work).

Plaintiff also seeks $319.99 in costs and $405.00 in filing fees. Defendant's only objection to this request is that $19.41 in costs were incurred during the administrative process below and should not be reimbursed. As Plaintiff does not address the $19.41 discrepancy in his reply, the Court shall award $705.54.

### III.   CONCLUSION

Based on the analysis above, the Court GRANTS Plaintiff an award of $10,745.41 in attorney fees and $705.54 in costs.

**IT IS SO ORDERED.**

Dated: February 28, 2007

MARIA ELENA JAMES
United States Magistrate Judge

**United States District Court**
For the Northern District of California